Estate of Herman Rolle, Deceased, Lillian C. Rolle, Custodian of Assets v. Commissioner.
Estate of Rolle v. Commissioner
Docket No. 1890-63.
United States Tax Court
T.C. Memo 1965-92; 1965 Tax Ct. Memo LEXIS 238; 24 T.C.M. (CCH) 474; T.C.M. (RIA) 65092; April 9, 1965
*238 On November 23, 1964, respondent filed a motion to correct a statement of facts made by the Court in a Memorandum Opinion filed October 23, 1964, T.C. Memo 1964-280, in which we misconstrued the meaning of the parties of a fact stipulated by the parties in a stipulation of facts which they filed at the hearing. Respondent also filed a motion for reconsideration. Respondent's motions are granted and the Memorandum Opinion filed herein October 23, 1964, is revoked and this Memorandum Opinion is substituted therefor. It is held that at the time of decedent's death he possessed the right, without the consent of any beneficiary, to change, alter, or revoke a trust agreement which was entered into between decedent and an insurance company on February 25, 1931, and therefore the Commissioner's determination that the commuted value of the trust is includable as an asset of decedent's estate is sustained. R. Winfield Baile, 306 S. 69th St., Upper Darby, Pa., for the petitioner. Francis J. Cantrel, for the respondent. BLACK Memorandum Opinion BLACK, Judge: On October 23, 1964, our Memorandum Opinion was filed in this proceeding, T.C. Memo 1964-280. On November 23, 1964, respondent filed three motions with the Court which were designated by him as follows: 1. Motion to correct record and to correct the Findings of Fact and Ultimate Findings of Fact in accordance with the stipulation of facts and the uncontested evidence of record. 2. Motion for reconsideration of Opinion. 3. Motion for further hearing. Both parties have filed memorandum briefs with respect to respondent's said motions. We have carefully studied and considered these memorandum briefs, as well as the stipulation of facts which was filed herein on June 1, 1964. After such study and consideration, we have concluded that respondent's motions Nos. 1 and 2 should *240 be granted and that the Memorandum Opinion heretofore filed on October 23, 1964, should be revoked and it is hereby revoked, and that this Memorandum Opinion should be and it is substituted for the Memorandum Opinion revoked. It is perfectly clear that we have misconstrued the stipulation of facts which was filed herein on June 1, 1964, in one important respect. In our Memorandum Opinion filed October 23, 1964, we construed the stipulation of facts wherein it referred to a deed of trust made between decedent and his wife Lillian and the Provident Trust Company of Philadelphia executed February 25, 1931, as a trust agreement having effect between decedent and the insurance company and that when it was revoked by decedent in 1941 it was effective as a revocation of the trust agreement of February 25, 1931, between decedent and the insurance company. It appears now from a study of the record that the deed of trust between decedent and Lillian and the Provident Trust Company had nothing at all to do with the trust agreement of February 25, 1931, between decedent and the insurance company and that its revocation in 1941 had no effect whatever on the merits of this case. Paragraph 12 of *241 the stipulation of facts reads as follows: 12. Upon maturity of the contract on September 1, 1937, the Trust Agreement of February 25, 1931 became the controlling instrument. Therefore, because of the error which we made in our former Memorandum Opinion with respect to the deed of trust between decedent and Lillian and the Provident Trust Company our Memorandum Opinion filed October 23, 1964, T.C. Memo. 1964-280 is hereby revoked and the following Memorandum Opinion is substituted therefor: The Commissioner has determined a deficiency in the estate tax of the estate of Herman Rolle, deceased, in the amount of $1,778.35. The deficiency is due to three adjustments made to the taxable estate as disclosed by the estate tax return filed September 7, 1961, with the District Director of Internal Revenue at Philadelphia, Pa. These adjustments were as follows: (a) Annuities
$21,035.62
(b) Jointly owned Property
733.57
(c) Debts of Decedent
238.50
Adjustments (b) and (c) have been conceded by petitioner. Adjustment (a) is explained in the deficiency notice as follows: (a) The commuted value of the trust is includible as an asset of decedent's estate *242 on the ground that it was a transfer with the power reserved to alter, amend or revoke the trust within the purview of section 2038(a)(1) of the 1954 Code. Petitioner assigned the following error, among others, to adjustment (a) (b) The Commissioner errored in treating the annuity contract as a transfer with the power reserved to alter, amend or revoke within the purview of Section 2038(a)(1) of the 1954 Code. The transaction involved was not a revocable transfer as defined under Section 2038(a) of the Internal Revenue Code. The decedent retained no reversionary interest in the property immediately before his death because the 240 guaranteed installments had been paid by the company and received by the decedent by September 1, 1957. Consequently there was no value which this decedent could have commuted for himself or his estate. At the time of decedent's death the value of the annuity did not include the value of any property transferred by decedent. All the facts were stipulated and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. So much of the facts as have been stipulated will be stated *243 herein as seem necessary to an understanding of the issue to be decided. Herman Rolle, decedent, hereinafter sometimes referred to as Herman or decedent, died on June 12, 1960, a resident of Norwood, Pa. Lillian C. Rolle, hereinafter referred to as Lillian, is the widow of Herman and resides at Norwood. In the early part of September 1927, decedent purchased a 10-year endowment life insurance policy, hereinafter referred to as the contract, from the Travelers Insurance Company of Hartford, Conn., hereinafter referred to as the Company, in the face amount of $32,000. At the same time decedent entered into a supplemental agreement, hereinafter referred to as the trust agreement, with the Company which provided for the distribution of the proceeds becoming payable under the contract, either by decedent's death or the maturity of the contract, in installments for a period of 240 months. This agreement also provided that in consideration for the payment of an additional annual premium of $67.40 decedent purchased a continuous installment provision to guarantee himself a life income of $200 a month provided he should survive the 240 guaranteed monthly payments. The agreement further *244 provided that for an additional annual premium of $1,539.40 decedent purchased a provision which provided that the monthly income would be continued throughout the lifetime of the beneficiary, Lillian, provided she should survive decedent and the 240 guaranteed monthly installments. The total annual premiums paid by decedent for this coverage were $7,423.36, payable annually for a term of 5 years, or a total of $37,116.80. The trust agreement of September 1927 was supplanted by a trust agreement dated February 25, 1931. The latter was identical in its terms with the trust agreement of September 3, 1927, except for the following changes: * * * THE PROVIDENT TRUST COMPANY of Philadelphia, Pennsylvania, its successors or assigns to be distributed in accordance with Deed of Trust executed by the Insured and Trustee and dated February 25, 1931. Payment to the Trustee shall discharge the Company from any and all obligation for such payment. It is agreed that each instalment that shall become payable to the Insured or LILLIAN C. ROLLE, Wife of the Insured, as hereinabove prescribed shall be paid as it becomes due to THE PROVIDENT TRUST COMPANY of Philadelphia, Pennsylvania, its successors *245 or assigns, as Trustee, to be distributed in accordance with Deed of Trust executed by the Insured and such Trust Company and dated February 25, 1931. Payments to the Trustee shall discharge the Company from any and all obligation for such payments. If at the time any payment herein prescribed shall become due, the aforesaid Deed of Trust shall not be in force, such payment shall be made to the Insured, if living, otherwise to LILLIAN C. ROLLE, Wife of the Insured, and in event of her prior death to the executors or administrators of the Insured, with power to such executors or administrators at such time to commute the remainder of any unpaid guaranteed instalments into one sum at four and one-half per centum interest upon the written request therefor made to the Company. The deed of trust between Herman and Lillian on the one hand and the Provident Trust Company on the other was revoked in 1941. Its revocation had no effect or relevance to this proceeding and we erred in holding that it did. Upon maturity of the contract on September 1, 1937, the trust agreement of February 25, 1931, became the controlling instrument. This trust agreement of February 25, 1931, among other things, *246 also contained the following provisions: The Insured reserves the right, without the consent of any Beneficiary or Beneficiaries named herein, to change, alter or revoke this agreement or to borrow on the contract without revoking this agreement, anything in the contract to the contrary notwithstanding. * * *
If the Insured shall change the Beneficiaries hereinbefore named, or if the Insured shall revoke this agreement by written notice to the Company, then the proceeds of such contract shall be payable as therein provided. Decedent received all of the 240 guaranteed monthly installments ( $200 per month) as provided from September 1, 1937, to September 1, 1957, and thereafter he received monthly installments from September 1, 1957, to June 1, 1960, just a short time before his death. Lillian has received the monthly installments from decedent's death up to and including the present time. The portion of the annual premiums charged for the installment payments to be made to Lillian under the survival annuity features of the trust agreement was computed on the life expectancy of Lillian who was born on April 2, 1895. The value of Lillian's interest in the proceeds under *247 the trust agreement of February 25, 1931, at the time of decedent's death was $21,035.62. This value represents the amount of a single premium that the Company would charge for the purchase of the installment benefits payable to Lillian, said premium charged being based on her age at the date of death of decedent. The arrangement entered into with the Company consisted of life insurance under the contract and an annuity under the trust agreement. In the estate tax return an election was made to have the estate valued as of the date of decedent's death. Although the existence of the insurance trust was reported in Schedule I of that return, no value was included in the gross estate on account of said trust. The Commissioner in his determination of the deficiency has relied on section 2038(a)(1) of the 1954 Code and that section reads as follows: (1) Transfers after June 22, 1936. - To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change *248 through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death. The original contract between decedent and the Travelers Insurance Company was clearly a combination of endowment insurance and an annuity. In fact it has been stipulated by the parties - 13. The contract was a combination insurance and annuity contract. The annuity payments under the terms of the Trust Agreement of February 25, 1931 commenced on September 1, 1937. In support of his position that section 2038(a)(1) is applicable, respondent relies upon that provision of the trust agreement of February 25, 1931, which reads: The Insured reserves the right, without the consent of any Beneficiary or Beneficiaries named herein, to change, alter or revoke this agreement or to borrow on the contract without revoking this agreement, anything in the contract to the contrary notwithstanding. So far as we can see, the above provision of the trust *249 agreement of February 25, 1931, was in force and effect at the time of decedent's death and decedent still retained these reserved rights at the time of his death - there is nothing in the record to show that he ever relinquished them. The language in our former Memorandum Opinion to the effect that decedent retained no such power at the time of his death was based upon the erroneous misunderstanding that the revocation of the deed of trust to the Provident Trust Company in 1941 was a revocation of the trust agreement of February 25, 1931. That was a mistake and we have heretofore explained how that mistake occurred. Therefore, it appears to us that at the time of decedent's death on June 12, 1960, the trust agreement of February 25, 1931, was in full force and effect and that was the trust agreement which contained the provision: The Insured reserves the right, without the consent of any Beneficiary or Beneficiaries named herein, to change, alter or revoke this agreement or to borrow on the contract without revoking this agreement, anything in the contract to the contrary notwithstanding. Of course, it may well be argued that the probability that decedent would ever revoke *250 the provision of the trust agreement which provided for the payment of an annuity to Lillian after his death was extremely remote, nevertheless that power to "change, alter or revoke" did exist at the time of decedent's death and it is that power which brings into play section 2038(a)(1) of the 1954 Code upon which respondent relies. We sustain respondent in his determination. Decision will be entered for the respondent.